**UNITED STATES of America, Plaintiff–Appellee,**

v.

**U.S. HIGHWAY 411, SOUTH (No. 01–5397); 3017 U.S. Highway 411, South (No. 01–5398); U.S. Highway 411, South (No. 01–5399); 2721 Wright Road, Alcoa (No. 01–5400); U.S. Highway 411, South (No. 01–5401), Defendants,**

**David Tex Hill, Appellant.**

**Nos. 01–5397, 01–5398, 01–5399, 01–5400, 01–5401.**

United States Court of Appeals, Sixth Circuit.

Feb. 1, 2002.

Before RYAN and GILMAN, Circuit Judges; POLSTER, District Judge.*

### ORDER

These are five consolidated appeals taken from five separate civil forfeiture judgments. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury found David Tex Hill guilty of several interrelated charges of money laundering, conspiring to conduct an illegal gambling business, and conducting an illegal gambling business. A panel of this court affirmed Hill's conviction and sentence on direct appeal. *United States v. Hill*, 167 F.3d 1055 (6th Cir.), *cert. denied*, 528 U.S. 872, 120 S.Ct. 175, 145 L.Ed.2d 148 (1999). The government had previously filed separate civil forfeiture complaints in rem pursuant to 18 U.S.C. § 1955(d) against five tracts of real property in which Hill had an ownership interest. The government eventually moved for summary judgment in each action and the district court granted each of the five motions in one order. Hill took an appeal from each of these judgments and they have been docketed in this court as Case Nos. 01–5397/5398/5399/5400/5401. These five appeals have been consolidated for appellate review.

These appeals are from the consolidated orders granting the government's five motions for summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party need not support its motion with affidavits or other similar materials "negating" the opponent's claim, but need show only that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden of production, it is incumbent upon the nonmoving party to show by deposition, answers to interrogatories, or admissions on file specific facts revealing a genuine issue for trial. *Id.* at 324. An examination of these records shows that the district court properly granted summary judgment in each case after the government met its burden of production and Hill failed to show that there was a genuine issue for trial in his responses.

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

In 1994, the government filed five separate verified civil forfeiture complaints in rem against five tracts of real estate located in eastern Tennessee and owned by David Tex Hill: the Char House (No. 01–5397), the 411 Grill (No. 01–5398), Woods Truck Stop (No. 01–5399), Dick's Varsity Restaurant and Arcade (No. 01–5400), and Southfork Restaurant (No. 01–5401). The complaints sought civil forfeiture on the authority of 18 U.S.C. § 1955(d). That statute, titled "Prohibition of illegal gambling business," provides, in relevant part, that:

> (d) Any property, including money, used in violation of the provisions of this section may be seized and forfeited to the United States. All provisions of law relating to the seizures, summary, and judicial forfeiture procedures, and condemnation of vessels, vehicles, merchandise, and baggage for violation of the customs laws; the disposition of such vessels, vehicles, merchandise, and baggage or the proceeds from such sale; the remission or mitigation of such forfeitures; and the compromise of claims and the award of compensation to informers in respect of such forfeitures shall apply to seizures and forfeitures incurred or alleged to have been incurred under the provisions of this section, insofar as applicable and not inconsistent with such provisions.

The complaints allege that each of the above-named parcels of real property was used to facilitate illegal gambling operations with devices declared illegal by the state of Tennessee. The complaints and summary judgment motions contained detailed affidavits and excerpts of trial testimony to the effect that several law enforcement officers personally saw and seized prohibited devices from all five properties after undercover officers personally gambled on machines at each location. Hill did not respond to the initial complaints in a timely fashion as required by Rule 6(c), Supplemental Rules for Certain Admiralty and Maritime Claims (ten days after process, twenty days after complaint filed), he did not file an answer under Fed.R.Civ.P. 12, nor did he file formal responses to the government's motions for summary judgment. Instead, Hill moved for summary judgment on the theory that, as they had not been a part of his criminal trial process, the government was now prohibited by filing the civil complaints by the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Hill also maintained that the government had to prove its case beyond a reasonable doubt.

The district court examined the foregoing and concluded that the government had satisfied its burden to show that there was probable cause to believe that the named properties had been used to carry on or to facilitate an illegal gambling business. The court rejected Hill's *Apprendi* defense, noting that Hill was attempting to "mix apples and oranges." The court also found that, in the absence of any other substantive answer or defense to the government's evidentiary material, the government had shown that the named properties were subject to civil forfeiture beyond a reasonable doubt. On appeal, Hill reasserts his *Apprendi* claim, argues that proposed changes to the "money laundering" portions of the sentencing guidelines mandate a remand, and wants this court to stay its hand pending an alleged decision by the Tennessee state courts that will de-criminalize gambling.

Hill's *Apprendi* claim rests on his asserted belief that the present civil forfeitures are an extension of his criminal proceedings and penalties. The law is clear, however, that in rem civil forfeitures are neither punishment nor criminal proceed-

ings for the purposes of the Double Jeopardy Clause. *See United States v. Ursery*, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). "Civil forfeitures, in contrast to civil penalties, are designed to do more than simply compensate the Government." *Id.* at 284. Forfeitures "are designed primarily to confiscate property used in violation of the law, and to require disgorgement of the fruits of the illegal conduct." *Id.* Finally, Hill's request for a delay so that the Tennessee state courts may decriminalize the nature of his acts or gambling devices, a request that has no apparent basis in fact, was raised and rejected without prejudice by this court in Hill's direct appeal. *Hill*, 167 F.3d at 1063 n. 3. Whether this panel believes the government had to prove its case beyond a reasonable doubt, *see United States v. Real Property in Section 9, Town 29 North, Range 1 West Township of Charlton, Otsego County Michigan*, 241 F.3d 796, 799–800 (6th Cir.2001), is irrelevant because the district court plainly found that the government *did* prove its cases beyond a reasonable doubt. These appeals lack merit.

Accordingly, the district court's judgments are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.